UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAZEL SHAMBERGER,

                     Plaintiff,

        -against-

ROBERTSON ANSCHUTZ SCHNEID
CRANE & PARTNERS, PLLC,

                    Defendant.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
CV 25-1043 (NCM) (ARL)

**LINDSAY, Magistrate Judge:**

    *Pro se* plaintiff, Hazel Shamberger ("Plaintiff"), commenced this action on February 25, 2025, against defendant Robertson Anschutz Schneid Crane & Partners, PLLC ("Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Before the Court is a motion to file an amended complaint signed by Gerald Shamberger. ECF No. 13. Defendant has opposed the motion, arguing that the motion fails to establish any reason for being allowed to amend or supplement the complaint, fails to include a proposed amended or supplemental pleading, fails to establish a meritorious cause of action and fails to establish any reason to consider a motion submitted by a non-party, Gerald Shamberger. ECF No. 16. For the reasons set forth below, the undersigned respectfully recommends that the motion to amend the complaint be denied.

## DISCUSSION

    On April 28, 2025, non-party Gerald Shamberger filed a motion seeking leave to file a supplemental pleading in this action. ECF No.13. This filing suffers from several infirmities. First and foremost, Gerald Shamberger is not a party to this action and may not file a motion in this case. The Federal Rules of Civil Procedure contemplate that only those designated as parties

may file motions and pleadings. *See* Fed. R. Civ. P. 7; *see also Johnson v. Internal Revenue Serv.*, No. 2:20-cv-00090-HCN-DAO, 2021 U.S. Dist. LEXIS 141281, 2021 WL 3134277, at *6 (D. Utah Jan. 29, 2021) ("[N]onparties generally fail to allege such a personal stake in the outcome of the controversy as to warrant invocation of federal-court jurisdiction."); *SEC v. Lauer,* No. 03-80612-CIV, 2016 U.S. Dist. LEXIS 80540, 2016 WL 6694858, at *2 (S.D. Fla. Mar. 31, 2016) (finding that, even where movant was former defendant, he had no standing to object to the payment of compensation to a receiver because he had no claim to the funds); *SEC v. Heartland Grp., Inc.*, No. 01 C 1984, 2003 U.S. Dist. LEXIS 461, 2003 WL 103015, at *3 (N.D. Ill. Jan. 10, 2003) (finding that non-parties who essentially requested a declaratory judgment were without standing). Accordingly, the undersigned respectfully recommends that this motion to amend, along with the motion for reconsideration also filed by Gerald Shamberger (ECF No. 15), be stricken from the record.

Even if this Court were inclined to consider a motion to amend a complaint filed by a non-party to an action, the motion must be denied. Non-party Gerald Shamberger has failed to attach the proposed amended pleading to the motion which is fatal to the motion and the motion as it stands fails to allege a plausible set of facts sufficient "to raise a right to relief above the speculative level." *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010), aff'd, 446 F. App'x 360 (2d Cir. 2011) (citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010)). The motion states two new defendants are to be added, however, it is unclear from the filing what claims are being asserted against these individuals. Thus, for all the reasons stated above the motion should be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
        November 20, 2025

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge